UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20029-CR-SEITZ

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**EVEROLD L. MILLER,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court pursuant to an Order of Reference by United States District Judge Patricia A. Seitz for a report and recommendation as to the appropriateness of Counsel's CJA Voucher for Attorney's Fees. See Order Vacating Order of Reference to Judge Palermo and Referring Matter to Judge O'Sullivan (DE # 218, 8/5/09). Having reviewed the applicable filings and law, the undersigned respectfully recommends that Counsel's CJA Voucher for Attorney's Fees be paid in full as more fully discussed below.

## BACKGROUND

On February 19, 2008, defense counsel Michael Smith (hereinafter "defense counsel") was appointed under the Criminal Justice Act (hereinafter "CJA"), 18 U.S.C. § 3006A, to represent the defendant in this matter. See Order (DE# 200, 2/20/08). On April 10, 2009, defense counsel submitted a voucher (No. FLS 09 1265) and supporting documentation seeking $3,244.00 in compensation for hours worked and an additional $110.38 for reimbursement of expenses incurred in representing the defendant from

February 19, 2008 through March 26, 2009. On August 5, 2009, Judge Seitz referred this matter to the undersigned for a report and recommendation. On August 26, 2009, the undersigned ordered defense counsel to file a memorandum indicating why defense counsel should be compensated more than the $1,800 cap provided for by the CJA. See Order (DE# 219, 8/26/09). On September 9, 2009, defense counsel filed Defendant Miller's Response to Order (DE# 219) (DE# 220, 9/9/09).

## ANALYSIS

Defense counsel seeks fees under the CJA totaling $3,244.00. The CJA provides a $1,800 cap[1] for the representation of a criminal defendant in regard to a Rule 35 motion to reduce a sentence. See 18 U.S.C. § 3006A(d)(3) (statutory maximum may be waived for extended or complex representation where court certifies that it is necessary for fair compensation).

The Rule 35 proceeding in this matter involved an extended representation of the defendant and it is necessary to waive the maximum amount allowed by the statute in order to provide fair compensation to defense counsel. The representation in this matter extended from February 2008 through March 2009. The 13 months defense counsel worked on this matter is far longer than most appointments for Rule 35 proceedings. It was necessary for defense counsel to meet with prior defense counsel and review the extensive docket in this matter. The defendant's cooperation involved numerous other districts and several foreign countries. The defendant insisted on being involved in negations with the Assistant United States Attorney assigned to the case and would not agree to accept the government's offer of a specific agreed sentence

---

[1] As adjusted per 18 U.S.C. § 3006A(d)(2).

reduction.

On March 23, 2009, the Court held a hearing on this matter. The government recommended a 20 to 25 percent reduction of the sentence. The defendant asked for a 50 percent reduction and the Court reduced the defendant's sentence by almost 50 percent from 262 months to 140 months of incarceration.

Defense counsel is a highly regarded and extremely experienced member of the defense bar. A review of his meticulously kept hours reflect the necessary work he performed on this case. The undersigned does not note any charges or hours that appear to be excessive. In fact, defense counsel charged for travel time from his Ft. Lauderdale office to the Federal Detention Center on only two of the seven occasions he met with the defendant at the Federal Detention Center.

## CONCLUSION

The undersigned has carefully reviewed the CJA voucher and counsel's response (DE# 220, 9/9/09) and finds that this matter involved an extended representation of the defendant and the CJA voucher should be paid in full.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that Counsels' CJA Voucher be paid in full.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained

herein.  See LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); see also, RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this **16th** day of September, 2009.

                                                                               _____
                                                                             JOHN J. O'SULLIVAN
                                                                             UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All counsel of record